Leave to file an amended complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hahn*, 190 F.3d at 715. Other than the untimeliness of Ziegler's § 4112.14 claim, IBP does not contend that there are any other bases for denying Ziegler's motion to amend. In fact, IBP conceded at oral argument that if we were to find Ziegler's § 4112.14 claim timely, then his public policy claim is similarly timely. We have held under Ziegler's first claim of error that his § 4112.14 claim was timely filed. Therefore, we also conclude that Ziegler's common law wrongful discharge claim, which is based on § 4112.14, is similarly timely. *See Lehmann v. AAA Cincinnati*, No. C-980163, 1999 WL 162151, at *2 (Ohio Ct. App. Mar. 26, 1999).

Because IBP was not entitled to judgment on the pleadings, amendment of Ziegler's complaint would not have been futile. Accordingly, we hold that the district court improperly denied Ziegler's motion to amend.

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the United States District Court for the Northern District of Ohio, and **REMAND** the case for further proceedings consistent with this opinion.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0141P (6th Cir.)
File Name: 01a0141p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

KEVIN W. ZIEGLER,
      *Plaintiff-Appellant,*

      *v.*                                    No. 00-3178

IBP HOG MARKET, INC.,
      *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 99-07613—James G. Carr, District Judge.

Argued and Submitted: March 6, 2001

Decided and Filed: April 30, 2001

Before: KEITH, SILER, and CLAY, Circuit Judges.

_____

### COUNSEL

**ARGUED:** Catherine Adams, SQUIRE, SANDERS & DEMPSEY, Columbus, Ohio, for Appellee. **ON BRIEF:** James A. Hammer, MITCHELL, STERNS & HAMMER, Bowling Green, Ohio, for Appellant. Catherine Adams, Jill S. Kirila, SQUIRE, SANDERS & DEMPSEY, Columbus, Ohio, for Appellee.

---

## OPINION

---

DAMON J. KEITH, Circuit Judge. Plaintiff-appellant Kevin W. Ziegler brought suit in state court against his former employer, defendant-appellee IBP Hog Market, Inc. ("IBP"), alleging age discrimination in violation of Ohio law. IBP removed the case to federal court, then moved for judgment on the pleadings. The district court granted IBP's motion, and Ziegler appeals. For the reasons that follow, we **VACATE** the decision of the district court, and **REMAND**.

## I. BACKGROUND

On August 26, 1999, Ziegler filed his complaint in the Hancock County, Ohio Court of Common Pleas alleging three counts of age discrimination in violation of Ohio Rev. Code Ann. ("O.R.C.") §§ 4112.02(N), 4112.14, and 4112.99. Ziegler alleged that he was employed by IBP from September 1, 1993, until his employment was terminated on January 31, 1998. IBP removed the case on the basis of complete diversity of citizenship to the United States District Court for the Northern District of Ohio.

On October 28, 1999, IBP moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and 12(b)(6), arguing that Ziegler's claims were untimely under the applicable statute of limitations and that his claims were barred because he failed to select one remedy as required by O.R.C. Chapter 4112. On November 23, 1999, Ziegler moved for leave to file an amended complaint, seeking to retain only the § 4112.14 claim. On December 03, 1999, Ziegler moved for leave to file a second amended complaint, seeking to add a new claim, common law wrongful discharge for age discrimination in violation of public policy.

On January 10, 2000, the district court entered judgment granting IBP's motion for judgment on the pleadings, concluding that Ziegler's claims were untimely under the

## B. AMENDMENT OF THE COMPLAINT

### 1. Standard of Review

Normally, we review a district court's decision denying a plaintiff's motion for leave to amend a complaint under Rule 15(e) for abuse of discretion. *See Begala v. PNC Bank, Ohio, Nat'l Assoc.*, 214 F.3d 776, 783 (6th Cir. 2000). When, however, the district court has based its decision to deny leave to amend on a legal conclusion that the amended pleading would not withstand a motion to dismiss, we review such a decision *de novo*. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). Here, the district court denied Ziegler's motion for leave to amend because it believed that the proposed amended complaint would still fail to state a claim, and amendment was therefore futile. Thus, we review the district court's decision *de novo*. *See Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999).

### 2. Analysis

As noted previously, in response to IBP's motion for judgment on the pleadings, Ziegler twice moved for leave to file an amended complaint. By his first motion, Ziegler sought to elect a single remedy under Chapter 4112. By his second motion, he sought to add a claim for age discrimination in violation of public policy.[10] Because the district court concluded that all of Ziegler's claims were untimely, it denied his motions to amend as futile. On appeal Ziegler argues that, because his § 4112.14 and common law wrongful discharge claims were timely, the district court erred in denying his motions to amend. We agree.

---

[10] The Ohio Supreme Court has recognized a public policy cause of action an age discrimination claim. *See Livingston v. Hillside Rehab. Hosp.*, 680 N.E.2d 1220, 1220 (Ohio 1997) (reversing without opinion the appellate court, which had held that no wrongful discharge claim based on § 4101.17 existed).

and that the Ohio General Assembly intended that these two remedies have different limitations periods. 471 N.E.2d at 474-75. Based on the differences between the two provisions, the court found it "clear that the intent of the General Assembly was to create separate and distinct avenues for the redress of alleged age discrimination wrongs." 471 N.E.2d at 474. The *Morris* court did not express any concern that inconsistent limitations periods would create havoc in the lower courts.

We have noted that there are two Ohio appellate court opinions on point, albeit unpublished, which concluded that the limitations period applicable to claims brought pursuant to § 4112.14 is six years. After the district court's decision below, the Ohio Court of Appeals again held, this time in a published opinion, that the limitations period applicable to § 4112.14 is six years. *See Ahern v. Ameritech Corp.*, 739 N.E.2d 1184, 1202 (Ohio Ct. App.) (citing *Leonardi,*1997 WL 547825), *appeal denied*, 725 N.E.2d 453 (Ohio 2000). As stated previously, we "may not disregard a decision of the state appellate court on point, unless [we are] convinced by other persuasive data that the highest court of the state would decide otherwise." Moreover, we must give an intervening state decision its full force and effect, despite the fact that the decision was unavailable to the district court at the time it rendered its decision. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 327 (6th Cir. 2000). IBP has cited no cases, published or unpublished, that support its contention that a 180-day limitations period applies to § 4112.14 claims.

We are convinced that if the Ohio Supreme Court were presented with the issue, it would decide that the period of limitations applicable to claims brought under § 4112.14 continues to be six years under *Morris*. Accordingly, we conclude that the district court erred in granting IBP's motion for judgment on the pleadings and in dismissing Ziegler's § 4112.14 claim.

applicable statute of limitations. The court deemed Ziegler's motion for leave to file a second amended complaint to supercede his motion for leave to file an amended complaint, and denied the motion concluding that the public policy wrongful discharge claim was similarly untimely and amendment was therefore futile. Ziegler filed a timely notice of appeal from the district court's order on February 03, 2000.

## II.  DISCUSSION

### A.  JUDGMENT ON THE PLEADINGS

#### 1.  Standard of Review

The standard of review applicable to a motion for judgment on the pleadings under Fed. R. Civ. Pro. 12(c) is the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6). *See Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999). In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See id*. at 400.

We review the district court's interpretation and application of state law *de novo*. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991); *Ferro Corp. v. Garrison Indust., Inc.*, 142 F.3d 926, 931 (6th Cir. 1998).

#### 2.  Analysis

In the court below, IBP asserted that it was entitled to judgment on the pleadings as Ziegler's claims were barred: (1) because Ziegler failed to elect a single remedy as required under Ohio law; and (2) by the applicable period of limitations. The district court agreed that IBP's claims were time barred. It did not, however, address the issue of whether Ziegler's failure to elect a single remedy entitled IBP to judgment on the pleadings. The parties dispute both of these issues on appeal.

a. *Election of Remedies*

IBP argues that Ziegler's complaint must be dismissed because he was barred from simultaneously bring claims under O.R.C. §§ 4112.02(N), 4112.14 and 4112.99. Ziegler contends that, because he moved for leave to file an amend complaint so as to dismiss his 4112.02 and 4112.99 claims in good faith and in a timely fashion, IBP was not entitled to judgment on the pleadings based on his failure to elect a single remedy. He suggests that the assertion of multiple Chapter 4112 claims simultaneously is not a fatal defect. We agree.

The avenues of relief provided by Ohio statutory law for age-based employment discrimination are exclusive and, once an action is instituted thereunder, a plaintiff is barred from bringing an action under a different provision. *See Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 473 (Ohio 1984). Section 4112.02(N) provides that "[a] person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code . . . ." Likewise, § 4112.14(B) provides that "any person instituting an civil action under this section is barred, with respect to the practices complained of, from instituting a civil action under division (N) of section 4112.02 of the Revised Code . . . ." While § 4112.99 has no similar express election of remedies language, there is some indication that Ohio courts will impute to it such an exclusivity requirement. *See Balent v. National Revenue Corp.*, 638 N.E.2d 1064, 1067 (Ohio Ct. App. 1994) (imputing to § 4112.99 an exclusivity requirement); *Giambrone v. Spalding & Evenflo Co.*, 607 N.E.2d 106, 108 (Ohio Ct. App. 1992) (same).

IBP interprets the exclusivity language of §§ 4112.02(N) and 4112.14(B) as requiring dismissal of a complaint which asserts more than one Chapter 4112 claim. IBP argues that since Ziegler asserted a § 4112.02 claim, then the § 4112.14 and § 4112.99 claims must be dismissed, and, because he

argues that the recodification of § 4101.17 as § 4112.14 brought this provision within the *Bellian* blanket statement that all age discrimination claims brought pursuant to O.R.C. Chapter 4112 are subject to the § 4112.02(N) 180-day statute of limitations. Second, IBP argues that we must disregard the unreported decisions of the Ohio appellate courts, suggesting that were we to follow those courts, we would "create the illogical circumstance of two different statutes of limitations to redress the same incident of alleged age discrimination."

We reject IBP's assertion that we are bound by the Ohio Supreme Court's blanket statement in *Bellian*. The court in *Bellian* was addressing the issue of whether age discrimination claims brought pursuant to § 4112.99 were subject to a four-year or 180-day period of limitations. That court had no occasion to consider the limitations period applicable to § 4112.14 claims, since recodification of § 4101.17 as § 4112.14 had not yet occurred at the time *Bellian* was decided. The Ohio Supreme Court has not had an opportunity to reconsider either its *Morris* decision or the validity of the blanket rule it announced in *Bellian* in light of the General Assembly's recodification of § 4101.17 as part of Chapter 4112.

Moreover, the *Bellian* court's rationale for determining that the § 4112.02(N) statute of limitations governed § 4112.99 is inapplicable here. There, the court was dealing with a specific statute and a general statute. 634 N.E.2d at 610. Applying Ohio rules of statutory construction, the court concluded that the specific statute necessarily prevailed over the more general. *See id.* Here, in contrast, we are dealing with two specific statutes. Therefore, *Bellian* is not controlling, and it does not fairly predict how the Ohio Supreme Court will determine the issue.

IBP's contention that "inconsistent limitations would lead to confusion, lack of guidance and disparate results" disregards the conclusion reached by the Ohio Supreme Court in *Morris*. The *Morris* court held that § 4101.17 was not governed by the limitations period contained in § 4112.02(N),

scenario that was materially altered by the inclusion of former § 4101.17 into Chapter 4112. *Id.* at *4.

Although Ziegler argued before the district court that the period of limitations was six years under *Morris*, and provided the court with the two unpublished Ohio appellate court cases discussed above, the district court did not address his contention. Rather, the court assumed that the limitations period applicable to age discrimination claims brought pursuant to O.R.C. Chapter 4112, including § 4112.14 claims, was 180 days under *Bellian*.

In diversity cases, the federal courts must apply state law "'in accordance with the then controlling decision of the highest state court.'" *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir. 1985) (quoting *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941)); *see Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. *See Bailey v. V&O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985) (citing cases). Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989); *accord Northland Ins. Co. v. Guardsman Products, Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000); *Puckett*, 889 F.2d at 1485. Moreover, "[a]n intervening state decision must be given its full effect and treated as though the decision existed during the pendency of the action before the district court." *Talley*, 223 F.3d at 327.

IBP offers two rationales for its contention that § 4112.14 claims are subject to a 180-day limitations period. First, it

asserted a § 4112.14 claim, the § 4112.02 and § 4112.99 claims must be dismissed. This would be a harsh rule indeed.

In *Giambrone v. Spalding & Evenflo Co.*, an Ohio appellate court rejected the defendant's contention that the plaintiff's age discrimination claims were barred because he filed multiple claims pursuant to O.R.C. Chapter 4112. 607 N.W.2d 106, 108 (Ohio Ct. App. 1992). There, as here, the plaintiff asserted age discrimination claims pursuant to O.R.C. §§ 4112.02, 4112.14 and 4112.99. *See id.* at 107. The trial court dismissed the plaintiff's case for failure to elect a single remedy. *See id.* On appeal, the *Giambrone* court stated that "dismissal of [plaintiff's] *entire* claim because he filed under both provisions simultaneously is neither in line with the [Ohio] Supreme Court's statement that R.C. Chapter 4112 is a remedial Act to be construed liberally, nor with the legislative purpose of the statute, *i.e.*, to compensate victims of age discrimination." 607 N.W.2d at 108 (emphasis in original). The appellate court reversed, holding that "the lower court's dismissal of [the plaintiff's] age discrimination claim was an abuse of discretion and an overly restrictive interpretation of the statutes." *Id.*

We find no merit in IBP's assertion that Ziegler's claims are barred because he asserted multiple age discrimination claims simultaneously. IBP can point to no cases in support of its contention. Moreover, its argument finds no support in the language of the provisions, which bar successive actions after a single remedy has been elected. Our decision is guided by the directive of O.R.C. § 4112.08 that Chapter 4112 "be construed liberally for the accomplishment of its purposes . . . ." While Ziegler may not assert multiple Chapter 4112 claims, he may elect a single remedy by motion to amend. Accordingly, we reject IBP's assertion that it is entitled to judgment on the pleadings solely due to Ziegler's simultaneous assertion of more than one Chapter 4112 remedy.

b.  *Statute of Limitations*

The question of whether the district court erred in granting IBP's motion for judgment on the pleadings turns on the limitations period applicable to Ziegler's claim brought pursuant to § 4112.14.[1]  Ziegler filed his complaint less than two years, but more than 180 days, after his cause of action accrued.  Ziegler contends that a six-year limitations period applies to his claim; IBP contends, and the district court found, that the applicable period is 180 days.

The Ohio statutory scheme prohibiting age discrimination has a rather complicated history, and a brief overview would be helpful.  Four sections of the O.R.C. provide remedies for age-based employment discrimination.  Section 4112.02 is a general anti-discrimination statute that provides a private cause of action for age discrimination.[2]  Section 4112.05 allows an individual to enforce those rights created by § 4112.02 administratively rather than judicially by filing a charge with the Ohio Civil Rights Commission.  Section 4112.14, formerly § 4101.17, is addressed solely to age discrimination and allows an aggrieved employee to institute

---

[1]Because we conclude that Ziegler's motion for leave to file a first amended complaint so as to voluntarily dismiss his claims brought pursuant to §§ 4112.02 and 4112.99, should have been granted, we need only address the timeliness of his § 4112.14 claim.

[2]Ohio Rev. Code Ann. § 4112.02(A) prohibits employers from discriminating against individuals based on race, color, religion, sex, national origin, handicap, age, or ancestry.  Ohio Rev. Code Ann. § 4112.02(N) provides, in pertinent part:

An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights....

*Bellian* was decided prior to the recodification of § 4101.17 as § 4112.14.  *Id*. at *2.  The court concluded that the period of limitations applicable to § 4112.14 was six years.  *Id*.

We have found one federal court decision on point.  In *Vanbourgondien v. Horticulture Farms, Inc.*, the United States District Court for the Southern District of Ohio succinctly termed the issue as follows: "[W]hether the [Ohio] Supreme Court's holding in *Bellian* -- that all age discrimination claims brought under Chapter 4112 are subject to a six-month statute of limitations -- has *sub silentio* overruled *Morris* in light of the . . . recodification, and thereby converted the statute's previous six-year statue of limitations to one of six months."  No. 3-96-282, 1997 WL 1764762, at *3-4 (S.D. Ohio July 14, 1997).  The district court concluded that § 4112.14 retained its six-year limitations period under the Ohio Supreme Court's *Morris* decision, and that *Bellian* was inapplicable.  *Id*. at *4.

The *Vanbourgondien* court noted that where a statute that has been construed by the Ohio Supreme Court is later amended having substantially the same terms, the Ohio legislature is presumed to have been familiar with its construction and to have adopted it as part of the law, unless it expressly provides for a different construction.  *Id*. at *3 (citing *Spitzer v. Stillings*, 142 N.E. 365, 367 (Ohio 1924)).  The court concluded, therefore, that the Ohio General Assembly was presumably familiar with the *Morris* court's decision that the six-year statute of limitations applied to § 4101.17 at the time of the recodification, and since it made no express provision to the contrary, it was further presumed that the General Assembly intended to retain the six-year limitations period after its recodification.  *Id*. at *3-4.  The *Vanbourgondien* court rejected the argument that the Ohio Legislature intended to rely upon the *Bellian* holding to overrule, *sub silentio*, the *Morris* holding that the six-year statute of limitations applied, merely by recodifying § 4101.17 and placing it in Chapter 4112.  The district court noted that such a result would be absurd and unreasonable, particularly since *Bellian* was predicated upon a factual

We are therefore required to determine whether the period of limitations applicable to § 4112.14 prior to enactment of the tort reform act---and thus applicable today---was six years, under *Morris*, or 180 days, under *Bellian*.  IBP contends that we are bound by the Ohio Supreme Court's blanket statement in *Bellian* that all age discrimination claims brought pursuant to Chapter 4112 are subject to the 180-day statute of limitations found in § 4112.02(N).  Ziegler argues that the blanket rule announced in *Bellian* is inapplicable to § 4112.14.  For this proposition, Ziegler relies on two unreported Ohio Court of Appeals cases that addressed the very issue presented here.

In *Leonardi v. Lawrence Indus., Inc.*, No. 72313, 1997 WL 547825, at * 3 (Ohio Ct. App. Sept. 4, 1997), the Ohio Court of Appeals held that the period applicable to § 4112.14 is six years.  The court first noted that *Bellian* was decided prior to the recodification of § 4112.14 and thus was not controlling. *Id*. Further, the court determined that, because the remedies of §§ 4112.14 and 4112.02(N) were exclusive, the Ohio General Assembly presumptively did not intend for the same statute of limitations to apply to both simply as a result of the recodification of one of the remedies.  *Id*.  The court found further evidence of legislative intent to treat the two statutes differently in the subsequent amendment of  § 4112.14 to include a two-year statute of limitations.

In *Lehmann v. AAA Cincinnati*, the Ohio Court of Appeals found the reasoning in *Leonardi* to be persuasive, and agreed that the Ohio Supreme Court's decision in *Morris* controlled. No. C-980163, 1999 WL 162151, at *1 (Ohio Ct. App. Mar. 26, 1999).  The *Lehmann* court similarly rejected the notion that the rule articulated in *Bellian* was controlling, since

---

Ziegler also contends that, because his cause of action accrued while the Tort Reform Act was effective, the two-year statute of limitations applies to his claim.  He contends that any other result would violate the constitutional prohibition against taking property without due process of law.  Because we conclude that § 4112.14 is subject to a six-year period of limitations, we need not address this issue.

---

a civil action.[3]   Finally, § 4112.99 is a general anti-discrimination statute that permits a private cause of action for age discrimination.[4]   *See Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056, 1057 (Ohio 1991).

While § 4112.02(N) includes a statute of limitations, § 4112.14 does not.  In 1984, the Ohio Supreme Court, in *Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 474 (Ohio 1984), was confronted with the issue of whether the express limitations period of § 4112.02(N) applied to claims brought pursuant to § 4101.17 (§ 4112.14 prior to recodification).[5] The *Morris* court held the § 4112.02(N) statute of limitations did not apply to claims brought pursuant to § 4101.17. *Id*. A review of the Ohio age discrimination statutory scheme led the court to conclude that the Ohio General Assembly clearly intended "to create separate and distinct avenues for the redress of alleged age discrimination wrongs." *Id*. at 474-75. The court also rejected the defendant's contention that § 4101.17 must be construed *in pari materia* with § 4112.02(N), noting that "[t]he *in pari materia* rule is to be applied only where the statute to be construed is ambiguous or the significance of its terms doubtful." *Id*. at 474.  The *Morris* court concluded that, because the Ohio General Assembly had not included an express period of limitation

---

[3] Ohio Rev. Code Ann. § 4112.14(A) provides that:
No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

[4] Ohio Rev. Code Ann. § 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief or any other appropriate relief."

[5] The Ohio General Assembly recodified § 4101.17 as § 4112.14 in 1995.  *See* S.B. No. 162, 121st Gen. Ass., File 37 (Ohio 1995).

within § 4101.17, it intended the six-year period contained in O.R.C. § 2305.07[6] to apply to such claims.  *See id.*

The *Morris* holding, that § 4101.17 is subject to a six-year limitations period, was never overturned expressly, but was theoretically called into question by a later Ohio Supreme Court decision, *Bellian v. Bicron Corp.*, 634 N.E.2d 608, 610 (Ohio 1994).  In *Bellian*, the Ohio Supreme Court held that "any discrimination claim, premised on a violation described in O.R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former O.R.C. 4112.02(N)."  634 N.E.2d at 610.  At the time *Bellian* was decided, there were only two statutes in Chapter 4112 providing a civil cause of action for age discrimination: § 4112.02(N) and § 4112.99.  *See id.*

The *Bellian* court was required to determine the applicable period of limitations for an age discrimination claim brought pursuant to § 4112.99,[7] which is within Chapter 4112, and which at that time did not contain an express period of limitations.  The plaintiff in *Bellian* contended that the applicable period was the six-year period contained in O.R.C. § 2305.07.  Conversely, the defendant contended the applicable period was the 180-day period contained in O.R.C. § 4112.02(N).  The *Bellian* court noted that, under statutory construction principles, where a conflict exists as to general and specific statutes, and there is no manifest legislative intent that the general provision prevail over the specific provision, the specific provision applies.  634 N.E.2d at 610.  Finding that there was no clear manifestation of legislative

---

[6]Ohio Rev. Code Ann. § 2305.07 states:  "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause therefore accrued."

[7]Ohio Rev. Code Ann. § 4112.99 provides:  "Whoever violates this chapter is subject to a civil action for damages, injunctive relief or any other appropriate relief."

intent that the general provision (§ 4112.99) prevail over the specific provision (§ 4112.02(N)), the court concluded that the specific provision prevailed.  *Id.*

In 1995, shortly after *Bellian* was decided, the Ohio General Assembly recodified hundreds of statutory provisions as part of a lengthy bill entitled "State Government--Enforcement and Regulation--Reorganization."  *See* S.B. No. 162, 121st Gen. Ass., File 37 (Ohio 1995).  This legislation recodified § 4101.17 as § 4112.14, thereby placing it in O.R.C. Chapter 4112.  The text of the provision was unchanged.  *See id.*

Subsequent to this recodification, the Ohio legislature passed tort reform legislation that amended § 4112.14 to expressly include a two-year statute of limitations.  This change was effective January 27, 1997.  However, on August 16, 1999, the Ohio Supreme Court held the tort reform act unconstitutional *in toto*.  *See State ex re. Ohio Academy of Trial Lawyers v. Sherward*, 715 N.E.2d 1062, 1111 (Ohio 1999).[8]  Thus, the two-year statute of limitations was invalidated, and the limitations period applicable to claims brought pursuant to § 4112.14 is the period that was effective immediately prior to enactment of the tort reform legislation.[9]

---

[8]In *Trial Lawyers*, the Ohio Supreme Court held that the Tort Reform Act usurped judicial power in violation of the Ohio constitutional doctrine of separation of powers, 715 N.E.2d at 1097, and violated the one-subject rule of the Ohio State Constitution.  *Id.* at 1111 (Section 15(D), Article II of the Ohio Constitution provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title").

[9]Ziegler contends that, because the Ohio Supreme Court's decision in *Trial Lawyers* did not specifically state that the statute of limitations contained in § 4112.14 is unconstitutional, we should find that the two-year statute of limitations remains valid.  In effect, Ziegler asks this Court to disregard the holding of Ohio's highest court on an issue of state constitutional law.  We, of course, may not do so.  Below, the district court correctly noted, and we agree, that as a result of *Trial Lawyers*, the period of limitations applicable to Ziegler's § 4112.14 claim is that period which was effective immediately prior to enactment of the Tort Reform Act.