**COMPUWARE CORPORATION,**
a Michigan corporation,
Plaintiff,

v.

**MOODY'S INVESTORS SERVICES, INC., a Delaware corporation,**
Defendant.

No. 03–70247.

United States District Court,
E.D. Michigan,
Southern Division.

July 23, 2002.

---

Michael J. Barton, Anthony J. Rusciano, Plunkett & Cooney, PC, Bloomfield Hills, MI, for Plaintiff.

Eugene Driker, Thomas F. Cavalier, Barris, Sott, Denn & Driker, PLLC, Detroit, MI, James J. Coster, Joshua M. Rubins, Satterlee Stephens Burke & Burke, LLP, New York City, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

This matter is before me on defendant's motion to dismiss this case pursuant to Fed.R.Civ.P 12(b)(6). A hearing was held on July 16, 2003, wherein I denied defendant's motion to dismiss with respect to plaintiff's claims for breach of contract and defamation, Counts I and II, for the reasons set forth at the hearing. Because I find that plaintiff has failed to state a claim for silent fraud and for violation of the Investment Advisers Act, I grant defendant's motion and dismiss Counts III and IV.

Defendant Moody's is a publisher of financial commentary and information. In 1999, plaintiff hired defendant to perform credit rating services, in particular with respect to plaintiff's ability to repay borrowings under a $500 million revolving bank facility. Defendant agreed to provide this information in exchange for a fee of $225,000 and payment of additional yearly fees. On August 13, 2002, defendant issued a Rating Opinion Report, downgrading plaintiff's credit rating from Baa2 to Ba1. The report was widely published and disseminated.

A party is entitled to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001).

■ Plaintiff claims that defendant committed silent fraud in that it did not notify plaintiff that it lacked policies and procedures to prevent conflicts of interest. According to plaintiff, the alleged conflict of interest arose because defendant failed to notify plaintiff that the same employees who evaluated plaintiff's creditworthiness also worked for clients with whom plaintiff was involved in litigation. (Amended Complaint ¶ 64, 66).

■ Under Michigan law, to make a claim for "silent fraud," the plaintiff must show that the defendant had a duty to disclose. *Hord v. Environmental Research Inst. of Mich.,* 463 Mich. 399, 617

N.W.2d 543, 550 (2000). Mere nondisclosure is insufficient. *Id.* In this case, defendant claims that it was under no duty to disclose to plaintiff that its analysts "were not prohibited from evaluating the financial condition of competing companies in the same industry, or companies engaged in litigation against each other." (Def.Br.24).

Indeed, plaintiff has not made any allegations which suggest that defendant agreed to provide this information, nor that it had been requested. Thus, defendant did not have a duty to disclose upon which a silent fraud claim could be premised. Plaintiff's claim for silent fraud is accordingly dismissed for failure to state a claim upon which relief can be granted.

■ Plaintiff does not make a colorable claim under the Investment Advisers Act because the United States Supreme Court has held that the Act excludes publishers who do not "offer individualized advice attuned to any specific portfolio or to any client's particular needs." *Lowe v. SEC,* 472 U.S. 181, 208, 105 S.Ct. 2557, 86 L.Ed.2d 130, citing 15 U.S.C. § 80b–2(a)(11)(D). In *Lowe,* the Supreme Court found:

> The mere fact that a publication contains advice and comment about specific securities does not give it the personalized character that identifies a professional investment adviser.

*Id.* Defendant was not engaged in the investment-advisory profession, and thus is not subject to suit under the Investment Advisers Act.

Therefore, the complaint fails to state a claim for silent fraud and likewise does not make a colorable claim under the Investment Advisers Act. Defendant's motion is hereby GRANTED in part, and Counts III and IV of plaintiff's complaint are accordingly dismissed.

**IT IS SO ORDERED.**