Daniel S. ADAMS, Plaintiff–Appellant,

v.

State of TENNESSEE; Don Sundquist; Paul G. Summers, Defendants–Appellees.

No. 02–5579.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

*ORDER*

Daniel S. Adams, a Tennessee resident, appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") at 42 U.S.C. §§ 12112 and 12117. Named as defendants are the State of Tennessee, Governor Don Sundquist, and Tennessee Attorney General Paul G. Summers. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

In his complaint, Adams states that he has been a practicing physical therapist for over fifteen years and has been licensed by the State of Tennessee as a physical therapist for over nine years, working in a variety of settings including acute care hospitals, long term care, and home health services, both as an employer and a contractor. He states that he has established a corporation to provide services as an "independent Physical Therapist" and has obtained additional certification to participate in the Medicare program. He states that one of the goals of the corporation is to provide home-based physical therapy services within the state and federal guidelines. Adams challenges the constitutionality of certain Tennessee statutes that regulate physical therapy services in the home. Specifically, he contends that the defendants' regulation of home-health services violates due process by arbitrarily denying him of his right to use his physical therapy license to offer services in the homes of patients. He further contends that the defendants' regulation of home health services violates his right to equal protection. Lastly, although he does not allege that he is a disabled person within the meaning of the ADA, he purports to assert the rights of other individuals under the ADA. Adams seeks injunctive relief.

The defendants filed a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c). The district court granted the motion in a memorandum filed March 6, 2002. Reconsideration was denied. This appeal followed.

We review de novo a judgment on the pleadings under Fed.R.Civ.P. 12(c). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001). "In reviewing the motion, [the court] must construe the complaint in the light most favorable to the plaintiff, ... and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512.

■ Upon review, we conclude that the district court properly dismissed the complaint for the reasons stated by that court. First, Adams lacks standing to assert the rights of individuals covered by the ADA. The United States Supreme Court's prudential standing principles impose a "general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Adams has not identified any obstacle preventing individuals with disabilities from asserting claims on their own behalf, nor has he shown any special relationship with those rights he seeks to assert. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623 n. 3, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Consequently, he may not assert the rights of individuals covered by the ADA.

■ Second, Adams has stated no colorable due process claim. The procedural component of the Due Process Clause does not impose a constitutional limitation on the power of the legislature to make substantive changes in the law. *E.g., Atkins v. Parker*, 472 U.S. 115, 129, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985). Nor is there a basis for finding a substantive due process violation. The Tennessee statute in question, *i.e.*, Tenn.Code Ann. § 68–11–201(14)(D), does not infringe on fundamental rights. The act is not arbitrarily applied only to physical therapists such as Adams. Adams is not being deprived of any right that he had to practice physical therapy in the home, but is seeking to avoid rational state statutes that regulate home health services. The statute, in short, does not violate Adams's due process rights.

Finally, the statute in question does not deny Adams's equal protection rights because these statutes serve a legitimate governmental purpose by regulating home health services. *See Heller v. Doe by Doe*, 509 U.S. 312, 319–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (highly deferential rational basis standard applied to equal protection claim not involving fundamental rights or suspect class).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.