John HILL, Plaintiff,

Larry D. Raver; Darrell Stephens; Mark Grove, Plaintiffs–Appellants,

v.

Reginald WILKINSON; John F. Kinkela; Margarette T. Ghee, Defendants–Appellees.

No. 03–3453.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Larry D. Raver, Mark Grove, Chillicothe, OH, Darrell Stephens, Lucasville, OH, for Plaintiffs-Appellants.

John H. Jones, Asst. Atty. General, Columbus, OH, for Defendants-Appellees.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

*ORDER*

This is a direct appeal from a judgment on the pleadings for the defendants in this prisoner civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 10, 2000, ten individual Ohio inmates filed a civil rights complaint against named and unnamed Ohio corrections officials seeking injunctive and declaratory relief, as well as monetary damages, in connection with the 1998 revision and subsequent adoption of new parole guidelines. The matter was referred to a magistrate judge who eventually recommended that the defendants should be granted judgment on the pleadings. The district court adopted this recommendation with one exception, a claim made by plaintiff William Ridenour that was permitted to go forward. This interlocutory order became final, and plaintiffs Larry Raver, Darrell Stephens and Mark Grove moved to alter or amend this judgment pursuant to Fed.R.Civ.P. 59(e). The district court denied this motion on February 13, 2003. The timely appeal of Raver, Stephens and Grove from this latter order is now before the court.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

The three appellants argue that the district court erred in granting the defendant's Fed.R.Civ.P. 12(c) motion for judgment on the pleadings and in concluding that the three individuals were represented by counsel for one of the other plaintiffs. This court reviews de novo a judgment on the pleadings under Fed.R.Civ.P. 12(c). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001). A de novo examination of the record and intervening decisions of the Supreme Court of Ohio and the Sixth Circuit shows that the district court's judgment must be vacated and remanded for further proceedings.

The Ohio Adult Parole Authority (OAPA) adopted revised parole guidelines on March 1, 1998. A prominent feature of the new guidelines was a chart showing ranges of time that a prisoner should serve before being granted a conditional release. One of the factors used in determining the proper range on the chart was the offense category. The Parole Board was empowered, however, to assign a higher initial offense category than warranted by the offense of conviction based on the Board's view of other offense conduct.

The appellants in the case at bar, Raver, Stephens and Grove, joined Ridenour and six other Ohio inmates in claiming that the revised parole guidelines acted to deprive them of constitutional guarantees found in the Fifth, Sixth, Eighth and Fourteenth Amendment. Each defendant signed the complaint individually and at no time were the plaintiffs certified as a class or joined for trial. The district court issued an order in 2001 adopting a magistrate judge's recommendation that dismissed all the claims except those by Ridenour based on an alleged breach of a plea agreement. In so doing, the district court rejected concerns by Raver, Stephens and Grove as to the failure to serve each of them with the magistrate judge's report. The court concluded that this omission was of no consequence as the plaintiffs "are represented by counsel."

Raver, Stephens and Grove took an appeal in which they raise a number of claims dependent on their core complaint, namely, that adoption of the revised OAPA parole guidelines. In addition, the appellants assign as error the district court's assumption that these individuals were represented by counsel.

In light of recent decisions closely related to the case at bar, the district court's judgment on appeal will be vacated and the case remanded for further proceedings. The district court did not have the benefit of the recent decision by the Supreme Court of Ohio, *Layne v. Ohio Adult Parole Authority*, 97 Ohio St.3d 456, 780 N.E.2d 548 (2002), when it entered its original judgment on the pleadings for the defendants. In *Layne*, the Supreme Court of Ohio held that a parole guidelines offense category must be based on the offense of conviction only. While the *Layne* Court acknowledged that the Board retained the discretion to factor in all relevant conduct at some point in their decision-making process, this restructuring of the initial offense category decision arguably changes the playing field for the instant appellants considerably. In fact, another panel of this court, in considering the companion appeal of William Ridenour from the same underlying order, concluded that the substantive portion of the judgment against Ridenour had to be vacated and remanded for further proceedings in light of *Layne*. *See Hill v. Wilkinson*, No. 03–3232, 2003 WL 22170651 (6th Cir. Sept.17, 2003) (order). The district court is in a better position to evaluate the effect of *Layne* on the individual cases presented by the individual appellants. Thus, a decision to vacate and remand the case at bar is consistent with the prior Sixth Circuit

decision and will put the district court in the position to better evaluate the competing claims. On remand, the district court should also address the earlier confusion surrounding the representation, or non-representation, of the appellants.

Accordingly, the district court's judgment is vacated and remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.