**Roger KING and Ohio Academy of Nursing Homes, Inc., Plaintiffs–Appellants,**

v.

**Kurt HAAS, the Ohio Department of Health and J. Nick Baird, M.D., Defendants–Appellees.**

No. 02–4141.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2004.

Geoffrey E. Webster, Eric B. Hershberger, Columbus, OH, for Plaintiffs–Appellants.

Winston M. Ford, Office of the Attorney General, Bobbi Lynn Jacobs–Tuber, Columbus, OH, for Defendant–Appellee.

Before MARTIN and MOORE, Circuit Judges; and McKEAGUE, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

Roger King and the Ohio Academy of Nursing Homes, Inc. appeal the district court's dismissal of their complaint against the Ohio Department of Health and two of its employees, Kurt P. Haas and J. Nick Baird, M.D. Upon review, we affirm the district court's judgment.

## I.

King is a licensed nursing home administrator who owns several companies that operate five nursing homes in Ohio. He also owns and serves as the president of a company that provides management and consulting services to nursing homes. The Ohio Academy of Nursing Homes, Inc., of which King serves as a board member and president, is an Ohio non-profit corporation that serves as a trade association for nursing homes and intermediate care facilities. The Academy is comprised of approximately two hundred licensed nursing homes that are certified to participate in the Medicare and Medicaid programs. The Ohio Department of Health is the agency responsible for inspecting and licensing nursing homes. At the time of the incidents in question, Baird served as the director of the Department and Haas was the Bureau Chief of Long Term Care and Quality.

According to the complaint, King and the Academy have long been critics of the Department, particularly with respect to issues concerning nursing home licensure and "surveys"—periodic nursing home inspections by the Department that are aimed at ensuring substantial compliance with Medicare and Medicaid programs. On October 5, 2000, King attended a public hearing of the Public Health Council in order to testify on behalf of himself and the Academy regarding proposed nursing home licensure regulations, many of which Haas had drafted. During the hearing, King voiced his opposition to those regula-

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

tions and went on to criticize—rather crudely—Department inspectors who conducted the nursing home surveys.

The complaint alleged that Haas took King's remarks personally[1] and, together with Baird and the Department, retaliated against him and the Academy by arranging "unexpected, unannounced, unusual and uncommonly large and comprehensive surveys" at four nursing home facilities with which King was affiliated.[2] King and the Academy asserted numerous claims against Haas, Baird and the Department for violation of 42 U.S.C. § 1983, violation of the First Amendment, violation of the Fourth Amendment, violation of their procedural and substantive due process rights under the Fifth and Fourteenth Amendments, violation of their equal protection rights under the Fourteenth Amendment, violation of their right to testify under 42 U.S.C. § 1985(2), conspiracy to deprive them of their equal protection rights in violation of 42 U.S.C. § 1985(3), violation of 42 U.S.C. § 1986 for failing to prevent a conspiracy in violation of 42 U.S.C. § 1985, violation of 42 U.S.C. §§ 1395i–3(d), 1395i–3(g), 1396r(g) and 1396r(h) (Medicare and Medicaid statutes) and federal regulations enacted thereunder, and violation of Ohio Revised Code Chapters 3721 and 5111 and state regulations enacted thereunder.

The district court entered two dispositive rulings in this case. The first, on November 7, 2001, granted in part and denied in part the defendants' motion for judgment on the pleadings. The second, on September 4, 2002, granted Haas's motion for summary judgment on the remaining claims, all of which were solely against him.[3]

## II.

This Court reviews de novo the district court's adjudication of a motion for judgment on the pleadings, see Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511–12 (6th Cir.2001), as well as a motion for summary judgment, see Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d 619, 622 (6th Cir.1996). In reviewing a motion for judgment on the pleadings, the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler, 249 F.3d at 512. Relatedly, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, "a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party."

---

1. The complaint is replete with graphic allegations of Haas's "reactions" to King's remarks. Some of those reactions allegedly occurred at the hearing itself, and others occurred during a subsequent telephone conversation with Robert Baker, the director of the Academy, which Baker had surreptitiously tape recorded. For example, during the telephone conversation, Haas expressed concern—at times in quite vulgar terms—about the effect that King's remarks might have on the inspectors that would be conducting surveys of the nursing homes with which King was affiliated.

2. King and the Academy allege that during one of these surveys, the inspectors told the nursing home staff that the survey team composition had been changed unexpectedly shortly before the scheduled visit. The new team included two individuals who allegedly had a reputation as the most "hard-line" and "difficult" surveyors of the Department.

3. The district court also sanctioned counsel for King and the Academy in the amount of $3.800.00 for discovery abuse.

*Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 580 (6th Cir.2000) (citations omitted).

In two extremely comprehensive and detailed opinions, the district court carefully considered the merits of each claim asserted by King and the Academy and ultimately found each claim to be without merit. King and the Academy argue that the district court committed reversible error by failing to construe the complaint and the evidence in the light most favorable to them as the nonmoving parties and instead improperly drawing inferences in favor of the defendants. We disagree. Our independent review of the record leads us to the firm conclusion that each claim was properly dismissed. Given the district court's thorough analysis, with which we are in general agreement, we find it unnecessary to undertake a duplicative analysis of each claim.

AFFIRMED.