NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0955n.06
Filed: December 6, 2005

No. 04-4547

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MELODY SMITH; DAVID SMITH; MARI KATLYN SMITH By Next Friends and Parents MELODY AND DAVID SMITH; and By Next Friends and Parents MELODY AND DAVID SMITH; MALAKE DANCER By Next Friends and Custodians, MALAKE DANCER, <br><br> **Plaintiffs-Appellees,** <br><br> v. <br><br> JUDY WILLIAMS-ASH <br><br> **Defendant-Appellant,** | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br> **M E M O R A N D U M O P I N I O N** |

BEFORE: BOGGS, Chief Judge; NORRIS and COOK, Circuit Judges.

**PER CURIAM.** Defendant Judy Williams-Ash appeals from the district court's denial of a judgment on the pleadings, Fed. R. Civ. P. 12(c). Specifically, this is an interlocutory appeal from the district court's decision that defendant social worker Williams-Ash was not entitled to Eleventh Amendment or qualified immunity from a civil rights suit filed pursuant to 42 U.S.C. § 1983. Defendant attempts to convert her defense of Eleventh Amendment immunity into one of common law absolute immunity, but she has forfeited that argument. We affirm the denial of qualified immunity with respect to plaintiffs' procedural due process claim.

**I.**

Given the procedural posture, the facts recounted below are drawn strictly from the complaint. *Ziegler v. IBP Hog Mkt, Inc.,* 249 F.3d 509, 512 (6th Cir. 2001) (motion for judgment on pleadings requires us to "construe the complaint in the light most favorable to plaintiff" and "accept all of the complaint's factual allegations as true"). According to the complaint, David and Melody Smith are the parents of two minor children and the legal custodians of another minor child, Malake Dancer. Defendant Judy Williams-Ash is an employee of Hamilton County Job and Family Services in Ohio. Plaintiffs have custody of Malake through a "kinship program" administered by Family Services. In connection with the program, another employee of Family Services visited the Smiths' home and found that its condition was unsanitary. He called the police, and the Smiths were subsequently charged with child endangerment. Defendant removed the children from their home and placed them with friends pursuant to a "Safety Plan" formulated by Family Services. Because that plan was not made part of the record below, its terms are not before us.

The complaint alleges that "[a]lthough the Safety Plan allow[ed] Plaintiffs Melody and David Smith to visit their children, they [were] not allowed to bring them to their own home." The Smiths immediately cleaned up their home. They repeatedly asked defendant what they must do to get their children back. Defendant allegedly replied that "[they] will do what [Defendant Williams-Ash] tells them to do or [she] will see to it that [Plaintiffs Melody and David Smith] will lose [their] children and go to jail." Although not a part of the record, the parties agree that the children were ultimately returned only two weeks later, after the Smiths filed this present suit.

Although inartfully drafted, the complaint can be said to allege that defendant deprived plaintiffs of their Fourteenth Amendment right to due process by thwarting the Smiths' attempts to

recover the children and not providing a probable cause hearing to determine the children's placement. The sole issue before us is whether defendant enjoys either absolute or qualified immunity.

In the district court, defendant argued that she was entitled to Eleventh Amendment immunity because she was a government official acting without discretion pursuant to a state statute. However, the district court held that defendant was not immune from liability on the basis of sovereign immunity because she was being sued in her individual rather than official capacity. The district court also regarded as meritless defendant's view that she was entitled to qualified immunity from procedural and substantive due process claims. It concluded that plaintiffs had alleged a clear violation of their procedural due process rights by asserting that they were involuntarily deprived of child custody without a prompt hearing. Since any reasonable government official would have been aware that this conduct amounted to a clear constitutional violation, the court held that qualified immunity would be inappropriate. As for the substantive due process claim, the district court concluded that defendant could not shield herself from liability for actions that shocked the conscience.

## II.

### *Standard of Review*

District court rulings as to absolute or qualified immunity are reviewed *de novo*. *Elder v. Holloway*, 510 U.S. 510, 516 (1994). However, the scope of review is limited to abstract issues of law rather than issues of fact. *Johnson v. Jones*, 515 U.S. 304, 317 (1995). In making its assessment, an appellate court must summon its knowledge of all applicable precedents, including

those not considered by the district court. *Holloway*, 510 U.S. at 516. The district court's decision

as to Eleventh Amendment immunity is an issue of law that is also reviewed *de novo*. *MacDonald*

*v. Village of Northport,* 164 F.3d 964, 970 (6th Cir. 1999) (citing *Franks v. Kentucky Sch. for the*

*Deaf*, 142 F.3d 360, 362 (6th Cir. 1998)).

<u>*Absolute Immunity*</u>

For the first time on appeal, defendant attempts to raise the defense of common law absolute

immunity based upon a theory that analogizes her conduct to that of a prosecutor. However, she

forfeited the issue by not raising it in the district court. *Thurman v. Yellow Freight Sys. Inc.*, 97 F.3d

833, 835 (6th Cir. 1996). While she argued below that Eleventh Amendment immunity applies to

public officials whose actions are governed by state statute, the district court correctly pointed out

that sovereign immunity is not available to defendants who are sued in their personal capacity. *See*

*Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.2d 1229, 1233 (6th Cir. 1983) (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 237-38 (1974)).

<u>*Qualified Immunity*</u>

Qualified immunity is an affirmative defense whereby state officials performing

discretionary functions are "shield[ed] . . . from civil damages liability as long as their actions could

reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson*

*v. Creighton*, 483 U.S. 635, 638 (1987). When this defense is raised, it becomes the plaintiff's

burden to prove that the government official is not entitled to qualified immunity. *Gardenhire v.*

*Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).

In evaluating the merits of a qualified immunity defense, we engage in a two-step analysis: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005) (footnote omitted).

Read broadly, the complaint asserts both procedural and substantive due process violations. Parents have a fundamental liberty interest under the Fourteenth Amendment in custody of their children, as they do in all choices relating to family life. *Santosky v. Kramer,* 455 U.S. 745, 753 (1982); *Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 842 (1977); *Hooks v. Hooks*, 771 F.2d 935, 941 (6th Cir. 1985). The question of whether a particular deprivation meets procedural due process requirements is answered by considering three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also Santosky*, 455 U.S. at 754 (citing *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 27-31 (1981) (applying *Mathews* test to parental rights termination proceedings)). Parents are generally entitled to a hearing before their parental rights can be terminated. *Santosky* at 757-58 (finding that preponderance standard of proof at termination proceedings provided insufficient due process). Even a temporary deprivation of physical custody requires a hearing within a reasonable time. *Doe v. Staples*, 706 F.2d 985, 990 (6th Cir. 1983).

The complaint alleges sufficient facts to support a claim that plaintiffs' procedural due process rights were abridged. According to the complaint, plaintiffs were not allowed to recover their children after the Safety Plan had been initiated despite their best efforts to do so. While defendant argues that the Safety Plan was voluntary, she failed to buttress that argument by entering the plan itself into the record. By contrast, the complaint alleges that the continued deprivation of the Smiths' children was involuntary, and that they were effectively denied a prompt hearing. For her part, defendant failed to muster any evidence in support of her contention that plaintiffs could have terminated the Safety Plan at any time.

As outlined above, the constitutional right to procedural due process under the circumstances alleged by plaintiffs was clearly established and should have been apparent to a reasonable official. Accepting, as we must, the truthfulness of the allegations, defendant should have known that her conduct had the effect of violating that right by involuntarily depriving plaintiffs of physical custody of their children. The district court's denial of qualified immunity from plaintiffs' procedural due process claims is affirmed.[1]

Turning to the substantive due process claim, a government official performing discretionary functions violates substantive due process rights when his or her actions "shock the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000). Only deliberate or reckless conduct can fall into this category. *County of Sacramento*, 523 U.S. at 849. The standard of culpability, when the official has had time to reflect,

---

[1]On remand, defendant is free to again assert entitlement to qualified immunity based upon a more complete record.

is "deliberate indifference" to protected liberties; otherwise, the official must display maliciousness or sadism. *Claybrook*, 199 F.3d at 359. Because plaintiffs failed to allege any conduct that goes so far as to "shock the conscience," defendant was entitled to qualified immunity from plaintiffs' substantive due process claims.

## III.

The order of the district court denying judgment on the pleadings is **affirmed** and the cause is **remanded** for further proceedings consistent with this opinion.