Jonathan BELL, Plaintiff,

v.

PREFIX, INC., Defendant.

No. CIV.05–74311.

United States District Court,
E.D. Michigan,
Southern Division.

March 22, 2006.

---

Elmer L. Roller, Hertz, Schram (Bloomfield Hills), Bloomfield Hills, MI, for Plaintiff.

Christopher J. Nelson, Linda M. Watson, Cox, Hodgman (Troy), Troy, MI, for Defendant.

## OPINION AND ORDER

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

FEIKENS, District Judge.

Defendant brings a motion to dismiss, arguing that Plaintiff cannot show he was eligible for the protections of the Family and Medical Leave Act (FMLA), and therefore fails to properly allege his three claims: his claim under the Act for violations of that Act; his state law claim for retaliatory discharge; and his state law claim for wrongful discharge. For the reasons below, I DENY the motion.

## FACTUAL BACKGROUND

The Complaint alleges that Plaintiff Jonathan Bell began work on August 5, 2003 for Defendant Prefix, and was terminated by Defendant on August 8, 2005. (Compl. ¶¶ 9, 16.) Plaintiff further alleges that on July 20, 2005, he notified Defendant that he would need to work a reduced schedule in order to care for his father, and that his request was approved that day. (Id. ¶¶ 11–12.) The Complaint states that on August 6, 2005, Plaintiff requested and received permission for additional time off that day to visit his father, but that he was terminated a few days later. (Id. ¶¶ 14, 16.) Without additional specifics, the Complaint also alleges that Plaintiff Bell qualifies for the protections of the FMLA. (Id. ¶ 5.) Plaintiff's response to this motion contains further allegations that he worked more than 1,250 hours and alleges further facts as to the dates on which he was employed by Defendant. (Pl.'s Resp. ¶ 5; Pl.'s Resp. Br. 4–6.)

Defendant agrees that Plaintiff was first hired in early August of 2003, but it alleges that he was terminated due to a slowdown in business on December 31, 2004. (Def.'s Br., 4.) It alleges that he was re-hired on February 23, 2005, meaning that he worked only six continuous months before the August termination date. Id. In his response, Plaintiff agrees he was laid off for three months, but says regardless, he is eligible for protection under the FMLA because he worked for enough months and enough hours. (Pl.'s Resp. at 3.)

To sum up the key factual issue, both sides appear to acknowledge that Plaintiff worked for more than 12 months total for this employer, but had not been working for 12 continuous months at the time he requested leave.

## ANALYSIS

### A. Motion to Dismiss Standard

A party is entitled to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001).

### B. Whether Plaintiff Has Properly Alleged that He Is an Eligible Employee

Defendant argues that all three claims against it must be dismissed because Plaintiff does not allege facts sufficient to qualify him as an eligible employee under the FMLA. The FMLA defines an "eligible employee" as "an employee who has been employed (i) for at least 12 months by the employer [...] and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period." 29 U.S.C. § 2611(2)(A). The Code of Federal Regulations states these portions of the definition of an eligible employee this way: "(1) An employee who has been employed for a total of at least 12 months by the employer

on the date on which any FMLA leave is to commence; and (2) Who, on the date on which any FMLA leave is to commence, has been employed for at least 1,250 hours of service with such employer during the previous 12–month period." 29 C.F.R. § 825.800. Since Plaintiff now specifically alleges he meets the requirement for 1,250 hours in the proper time period (*see* Resp. Exh. 1), the only real question this motion presents[1] is whether eligibility for the protections of the FMLA requires 12 consecutive months of work for the employer, or whether 12 nonconsecutive months of work for the same employer would be enough for eligibility.

■ In order to discern whether 12 nonconsecutive months would be sufficient,[2] I must begin by analyzing the language of the statute. *Group Life & Health Ins. Co. v. Royal Drug Co.,* 440 U.S. 205, 210, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979). If the language of the statute is unambiguous, the plain meaning of the text must be enforced. *United States v. Ron Pair Entrs., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In addition, the Department of Labor has issued regulations regarding the FMLA, which should be considered in interpreting the statutory language. *See, e.g., Burns v. Alcala,* 420 U.S. 575, 589, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975).

■ Here, the language of the statute suggests that the 12 months do not have to be continuous. The language requiring 12 months of employment ("for at least 12 months") is very different from the re-

---

1. At the hearing for this motion, both parties requested I also clarify a question of Michigan law regarding the difference between a layoff and a termination. This motion argues that Plaintiff fails to state his state law claims because he cannot show the FMLA applies to him. Thus, the only question raised by this motion can be answered without clarification of the difference between a layoff and a termination under Michigan law.

2. None of the court cases cited by the parties directly addresses the question of whether it is sufficient to show a nonconsecutive 12–months of employment to be eligible under 29 U.S.C. § 2611(2)(A)(i), and I have found none.

mainder of the sentence, which sets the requirement for hours worked ("during the previous 12–month period."). 29 U.S.C. § 2611(2)(A). Thus, if Congress had intended to require 12 months of continuous employment, it could simply have done so by using the same language in both provisions. The plain language of the statute does not, therefore, support Defendant's contention that the 12 months must be continuous.

Moreover, this reading is supported by the Code of Federal Regulations. Those regulations use the wording "a total of at least 12 months [ . . . ] on the date on which any FMLA leave is to commence" in describing the 12–month eligibility requirement, but in describing the 1,250 hours eligibility requirement, uses the language "the previous 12–month period." 29 C.F.R. § 825.800. The use of the "total of at least 12 months" would incorporate a nonconsecutive 12 months, while the "previous 12–month period" language would not.

Therefore, I find the plain language of the FMLA and its interpreting regulations clearly support the reading that the 12–month requirement is not a requirement that the months be consecutive. As Plaintiff alleges a total employment time of more than 12 months, he has properly alleged eligibility under the FMLA. For this reason, I DENY the motion to dismiss.

## CONCLUSION

Plaintiff has alleged sufficient facts which if proven could establish that he is eligible for the protections of the Family and Medical Leave Act. Thus, I DENY Defendant's motion to dismiss with respect to all claims.

**IT IS SO ORDERED.**