**AMD SOUTHFIELD MICHIGAN LIMITED PARTNERSHIP,**
Plaintiff,

v.

**MICHIGAN OPEN MRI LLC, Defendant.**

No. CIV.04–72003.

United States District Court, E.D. Michigan, Southern Division.

Sept. 23, 2004.

Marc Lorelli, Mark A. Cantor, Brooks & Kushman, Southfield, MI, for Plaintiff.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff alleges that Defendant committed trademark infringement and brings claims under 15 U.S.C. § 1125, and the Michigan common law trademark and unfair competition laws. I previously denied Defendant's motion to dismiss Plaintiff's complaint due to lack of subject matter jurisdiction. Defendant also moves to dismiss this suit for two other reasons: (1) it argues that Plaintiff has failed to assert ownership of a valid trademark, and (2) it argues the Plaintiff failed to assert that Defendant infringed upon Plaintiff's mark.

For the reasons discussed below, I DENY this motion.

## I. FACTUAL BACKGROUND

Plaintiff, MRI of Southfield, since at least October of 1988, has been continuously providing magnetic resonance imaging ("MRI") services under the names "MRI of Southfield" and "Magnetic Resonance Imaging of Southfield." (Pl.Am. Compl.¶ 5). Plaintiff uses a stylized, blue-green block-letter "MRI" in its advertising followed by "of Southfield" or "Magnetic Resonance Imaging of Southfield." *Id.* at ¶ 6. Plaintiff claims its name and the stylized "MRI," has received widespread notoriety in Michigan. *Id.* ¶ 7.

Continuing Medical Education, Inc. ("CME") filed a pending trademark application, Serial No. 78/305,940, for the trademark "Magnetic Resonance Update." *Id.* ¶ 11. Plaintiff has subscribed to CME's "Magnetic Resonance Update" newsletter since at least 1992. *Id.* ¶ 10. CME sends copies of the newsletter to individuals designated on a mailing list prepared by Plaintiff. *Id.* According to Plaintiff, CME provides envelopes designed with both its own pending trademark "Magnetic Resonance Update" along with Plaintiff's trademark and trade dress.

Defendant, Michigan Open MRI, plans to offer MRI services. (Def. Br. in Supp. of Mot. to Dismiss at 2). Plaintiff claims that Defendant is currently using Plaintiff's marks on advertising and letterhead to promote its business. (Pl.Am. Compl.¶ 14).

Specifically, Plaintiff claims that Defendant is using the pending trademark "Magnetic Resonance Update" with a slight alteration, along with Plaintiff's trademark and trade dress. *Id.* at ¶ 15. In response to this unauthorized use, on July 2, 2003, counsel for CMP Healthcare Media, a division of CMP Media LLC and

its affiliate CME, sent a cease and desist letter to Defendant. *Id.* at Exhibit D. Plaintiff also responded by filing a complaint on May 26, 2004 alleging that Defendant violated trademark infringement under 15 U.S.C. § 1125 and Michigan common law trademark and unfair competition laws.

## II. ANALYSIS

### A. Motion to Dismiss Standard

A party is entitled to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir.2001).

### B. Failure to State a Claim

Defendant filed a motion to dismiss Plaintiff's unfair competition claim, pursuant to 15 U.S.C. § 1125(a) of the Lanham Act and Plaintiff's common law unfair competition and trademark infringement claims. (Br. in Supp. of Def. Mot. to Dismiss). Defendant asks the court to dismiss Plaintiff's claims because (1) Plaintiff failed to assert ownership of a valid trademark, and (2) Plaintiff failed to assert that Defendant infringed upon Plaintiff's mark. *Id.* at 4.

The Sixth Circuit has stated that because Lanham Act claims involve the same dispositive questions as Michigan statutory and common law counts regarding unfair competition and trademark infringement therefore a proper decision of a motion based on the Lanham Act count will apply to the Michigan statutory and common law counts. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1104 (6th Cir.1991). Thus, I provide only an analysis of the Lanham Act claim because a separate analysis of the Michigan common law counts is unnecessary.

### 1. Ownership of a Trademark

Plaintiff needs to show ownership of a trademark to state a claim for trademark infringement under the Lanham Act. The elements necessary to state a claim for infringement under 15 U.S.C. § 1125(a) are:

> "(1) ownership of a specific service mark in connection with specific services; (2) continuous use of the mark; (3) establishment of secondary meaning if the mark is descriptive; and (4) a likelihood of confusion amongst consumers due to the contemporaneous use of the parties service marks in connection with the parties' respective services."

*Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir.1991).

Ownership of a trademark is not acquired through federal or state registration, rather the ownership rights flow from prior appropriation and actual use in the market. *Id.citing* 1 J. McCarthy, *Trademarks and Unfair Competition*, § 16:5, at 733 (2d ed.1984). However, registration of a service mark is prima facie evidence of the registrant's ownership and exclusive right to use a mark. 15 U.S.C. §§ 1057(b), 1115(a).

■ Plaintiff satisfied any obligation to plead ownership for its Lanham Act claim because Plaintiff has pleaded actual use

and prior appropriation. Plaintiff states in its complaint that it "uses a distinctive stylized, block-letter MRI, in its advertising and letterheads, and also uses the mark Magnetic Resonance Update in connection with regular mailings." (Pl. Br. in Resp. to Def. Mot. to Dismiss ¶ 6). Since January 2003, Plaintiff has also used the mark "Wide Open MRI" in mass mailings. *Id.* at ¶ 12.

Plaintiff pleaded prior appropriation of these trademarks. MRI of Southfield claims that it has used the "block-letter MRI," and "Magnetic Resonance Update" marks since 1988, "long prior to the acts of the defendant...." *Id.* at ¶ 7. Additionally, Plaintiff claimed that it had been using the "Wide Open MRI" mark since January 2003, four months prior to Defendant's use of the words. *Id.* at ¶ 12, 16. Therefore, Plaintiff satisfied any obligation to plead ownership for its Lanham Act claim because Plaintiff has pled actual use and prior appropriation.

### 2. *Valid Trademark*

 Defendant claims that even if Plaintiff can prove ownership this Court should dismiss Plaintiff's claims because it fails to plead its mark and/or trade dress is a valid mark. (Br. in Supp. of Def. Mot. to Dismiss at 7). Defendant claims that Plaintiff has not identified a mark, and alternatively, that Plaintiff's mark is not valid because it is generic and therefore lacks the required distinctiveness to form a trademark. *Id.*

Generic terms form weak marks and cannot become a trademark under any circumstance. *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1117 (6th Cir.1996) (Stating examples such as "aspirin," "escalator," and "light beer"); *citing Induct–O–Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 362 (6th Cir.1984); *citing* J. Thomas McCarthy, McCarthy's Desk Encyclopedia of Intellec-

tual Property, 139 (1991). However, trade dress, a product's total image, which includes features such as size, shape, color or color combinations, texture or graphics is protectable under § 43(a) of the Lanham Act. *Windmill Corp. v. Kelly Foods Corp.*, 76 F.3d 380, 1996 WL 33251, *2–3 (6th Cir.1996); *see also Paddington Corp. v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 581 (2d Cir.1993). Trade dress incorporates commonly used descriptive elements that "individually would not be inherently distinctive." *Paddington Corp.*, 996 F.2d at 584.

A claim for trade dress infringement requires the Plaintiff prove, among other things, that the misappropriated features of the trade dress are inherently distinctive or have acquired distinction by virtue of secondary meaning in the market place. *Mexican Food Specialties, Inc. v. Festida Foods*, 953 F.Supp. 846, 849 (E.D.Mich.1997) (Gadola).

> Since the choices that a producer has for packaging are...almost unlimited, typically a trade dress will be arbitrary or fanciful and thus inherently distinctive, and the only real question for the courts will be whether there is a likelihood of confusion between the products, (citation omitted), provided, of course, the trade dress is not functional.

*Id.* at 850; *citing Paddington Corp.*, 996 F.2d at 583. The Court, when analyzing trade dress infringement, should focus on "the total impression that the dress gives the observer...." *Id.*; *citing Paddington Corp.*, 996 F.2d at 584.

### A. *Identification of Plaintiff's Marks*

Defendant alleges that Plaintiff has failed to identify the specific trademark or trade dress that it owns. However, in both Plaintiff's Complaint and Plaintiff's Brief in Response to Defendant's Motion to Dismiss it identified the marks that it

claims to own. (Pl.Am.Compl.¶ 6); (Pl. Br. in Resp. to Def. Mot. to Dismiss, p. 3). Plaintiff identified one mark as a "distinctive stylized, block-letter MRI" that Plaintiff used in both advertising and letterheads and another mark "Magnetic Resonance Update." (Pl.Am.Compl.¶ 14). Plaintiff also identifies the words "Wide Open MRI." *Id.* at ¶ 16.

■ *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, requires a plaintiff to articulate the specific elements which comprise its distinct trademark. 280 F.3d 619, 634 (6th Cir.2002); *citing Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). However, the court in *Abercrombie*, permitted that plaintiff to pursue its claim despite the complaint nearly lacking sufficient particularity, because that plaintiff, similar to the Plaintiff in the case at hand, attached photographic exhibits to its complaint. *Id.* at 635. Plaintiff's Complaint identifies its marks, and includes photographic exhibits to supplement it written explanations. (Pl.Am.Compl.¶ 6, 14). Plaintiff, therefore, provides sufficient facts to support its claim regarding the identity of its marks.

### B. Generic Terms

■■ Defendant alleges that Plaintiff fails to show that its marks and trade dress are not merely generic terms. However, Plaintiff provides sufficient facts to prove it has a valid mark and trade dress. Defendant analyzes Plaintiff's trademark by reducing the trademark into individual components. (Br. in Supp. of Def. Mot. to Dismiss at 9). Defendant then presents these components separately to argue that the generic components result in the mark as a whole being generic. *Id.* Defendant points to terms such as "magnetic resonance" and "magnetic resonance imaging," to demonstrate that Plaintiff's mark is merely a conglomeration of generic terms.

*Id.* at 8. Defendant never speaks to the elements as a whole, neglecting that it is the "combination of elements and the total impression that the dress gives the observer that should be the focus of the courts analysis of distinctiveness." *Mexican Foods Specialties, Inc.*, 953 F.Supp. at 850.

Defendant claims the terms in the mark are generic yet neglects to address the image of the trademark. Plaintiff's trade dress' "total image, which includes features such as size, shape, color or color combinations, texture or graphics," *Paddington Corp.*, 996 F.2d at 581, as demonstrated in the photographs Plaintiff has provided in both its brief and complaint, conveys a distinctive impression. The trade dress appears unique in its layout, choice of color and graphics. Plaintiff provides sufficient evidence that its trademark is distinctive and therefore valid.

### 3. Defendant's Infringement of the Trademark

■ Despite Defendant's contention to the contrary, Plaintiff does provide evidence of Defendant's infringement on Plaintiff's trademark and trade dress. The Sixth Circuit stated that courts take the following "likelihood of confusion" factors into consideration in determining infringement: (1) strength of plaintiff's mark; (2) relatedness of the goods, (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; (8) likelihood of expansion of the product lines. *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir.1983).

Plaintiff provides evidence of similarity in the marketing channels used, similarity between the services offered and similarity between the marks used. Plaintiff claims that Defendant is using the trademark "in

984

a manner identical to plaintiff's use. . ." for the promotion of similar MRI services claims. (Pl.'s Am. Compl. ¶ 15). Plaintiff states that "defendant copied, adopted and is using the marks in connection with the advertising, offering for sale and sale of MRI services. . . ." (Pl.'s Am. Compl. ¶ 14). Plaintiff also provides photographs of Defendant's mark with a side-by-side comparison to show similarity between the two marks. *Id.*

Defendant attempts to discount the similarity between the two marks and trade dress by stating that, "Defendant never used 'MRI of Southfield' or 'Magnetic Resonance Imaging of Southfield.'" (Br. in Supp. of Def. Mot. to Dismiss at 10). Defendant does not analyze the trade dress as a whole, rather Defendant examines only the components of the mark. Because Plaintiff provides evidence of similarity in the marketing channels used, similarity between the services offered and similarity between the marks used it has demonstrated enough evidence to show Defendant's infringement of Plaintiff's mark. Therefore, Plaintiff provides sufficient facts, regarding Defendant's infringement of Plaintiff's mark, to proceed with its claim.

### III. CONCLUSION

Since Plaintiff has met its burden of asserting ownership of a valid trademark, and asserting that Defendant infringed upon Plaintiff's mark, I DENY Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**