**MATTLIN HOLDINGS, L.L.C. et al., Appellants,**

**v.**

**FIRST CITY BANK et al., Appellees.**

[Cite as *Mattlin Holdings, L.L.C. v. First City Bank*, 189 Ohio App.3d 213, 2010-Ohio-3700.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–2.

Decided Aug. 10, 2010.

David A. Goldstein Co., L.P.A., David A. Goldstein, and Seth K. Kleinman, for appellants.

Dinsmore & Shohl, L.L.P., Jeffrey P. Hinebaugh, and Jeffrey A. Willis; and James C. Carpenter and Vincent I. Holzhall, for appellee J.P. Morgan Chase Bank, N.A.

Dinsmore & Shohl, L.L.P., Jeffrey P. Hinebaugh, and Jeffrey A. Willis, for appellee Fifth Third Bancorp.

———

Sadler, Judge.

{¶ 1} Plaintiffs-appellants, Betty L. Mattlin and Mattlin Holdings, L.L.C. ("Mattlin Holdings"), filed this appeal seeking reversal of a judgment of the

Franklin County Court of Common Pleas dismissing appellants' claims against defendants-appellees, Fifth Third Bancorp ("Fifth Third") and J.P. Morgan Chase Bank, N.A. ("Chase").

{¶ 2} Some time in August or September 2004, David Rhodehamel approached First City Bank regarding a loan, acting individually and as the sole member of CSR Tremont L.L.C.. Rhodehamel claimed that CSR Tremont L.L.C. was the sole member of Mattlin Holdings and that the loan would be secured by an open-end mortgage and an assignment of rents on property owned by Mattlin Holdings. In fact, Betty Mattlin was the sole member of Mattlin Holdings.

{¶ 3} Rhodehamel presented a loan application to First City Bank, seeking a loan in the amount of $800,000. First City Bank granted the loan, resulting in a check in the amount of $795,496 being issued, which was payable to Mattlin Holdings. The check was drawn on an account held by Title First at Chase. The check was subsequently deposited at Fifth Third, in an account not held by Mattlin Holdings, even though the check was not indorsed. Chase honored the check in spite of the check not having been indorsed. Appellants did not become aware of the mortgage, the loan, or the check until some time in April 2009.

{¶ 4} Appellants filed this action asserting, among other claims against additional parties, claims against Fifth Third and Chase for conversion under the Uniform Commercial Code ("UCC"). Fifth Third filed a motion seeking dismissal of the conversion claim against it, pursuant to Civ.R. 12(B)(6), on the grounds that the claim was barred by the three-year statute of limitations set forth in R.C. 1303.16(G)(1). Appellants argued that the statute of limitations was tolled until they were able to discover the conversion of the check. The trial court concluded that Ohio law does not support application of a discovery rule to toll the limitations period set forth in R.C. 1303.16(G)(1) and dismissed the conversion claim against Fifth Third. The parties stipulated that the logic employed by the trial court would also apply to the conversion claim against Chase, and the trial court dismissed that claim as well.

{¶ 5} Appellants then filed this appeal, asserting a single assignment of error:

The trial court erred in dismissing plaintiffs'-appellants' claims against defendants-appellees Fifth–Third Bancorp and JP Morgan Chase that appellees improperly converted a check in the amount of $795,486.00 payable to plaintiff-appellant Mattlin Holdings, LLC.

{¶ 6} In deciding whether to grant a Civ.R. 12(B)(6) motion, a trial court must presume that all of the factual allegations set forth in the complaint are true and must construe the complaint in a light most favorable to the plaintiff. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. Only if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts that

would entitle the plaintiff to recovery can the trial court dismiss a complaint pursuant to Civ.R. 12(B)(6). *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. A complaint may be dismissed, pursuant to Civ.R. 12(B)(6), for failing to comply with the applicable statute of limitations if it is clear from the face of the complaint that the claim is time-barred. *Williams v. Bur. of Workers' Comp.*, 10th Dist. No. 09AP–1076, 2010-Ohio-3210, 2010 WL 2706160. Our review of a trial court's grant of a motion to dismiss, pursuant to Civ.R. 12(B)(6), is de novo. Id.

{¶ 7} Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581. For certain types of cases, a discovery rule applies, and the statute of limitations does not begin to run until the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268.

{¶ 8} In this case, there is no dispute that the claims against appellees were filed after the expiration of the relevant statute of limitations period, which is the three-year period set forth in R.C. 1303.16(G)(1). The issue is whether the statute of limitations applicable to appellants' cause of action can be tolled by application of the discovery rule. Generally, the discovery rule can act to toll the statute of limitations for claims for common-law conversion and fraud. See *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244. In this case, the trial court held that the discovery rule does not apply to appellants' cause of action, which is one for conversion under the UCC.

{¶ 9} In reaching its conclusion that no discovery rule would apply to appellants' UCC conversion claims against appellees, the trial court relied on the decisions by Judge Nugent of the United States District Court for the Northern Division of Ohio in *Metz v. Unizan Bank* (2006), 416 F.Supp.2d 568, and *Loyd v. Huntington Natl. Bank* (June 18, 2009), N.D.Ohio No. 1:08CV2301, 2009 WL 1767585. *Metz* involved a number of claims, including claims for conversion of a negotiable instrument, brought as a class action against a number of financial institutions. One of the issues before the court was whether a discovery rule would act to toll the three-year statute of limitations set forth in R.C. 1303.16(G)(1).

{¶ 10} The court first considered a number of cases that had considered whether a discovery rule applied to toll various statutes of limitations that applied to conversion claims prior to the adoption of R.C. 1303.16(G). Two cases had declined to apply a discovery rule, while one case had applied the rule. *Palmer Mfg. & Supply v. BancOhio Natl. Bank* (1994), 93 Ohio App.3d 17, 637 N.E.2d 386 (no discovery rule); *Brentar v. Rupert* (Dec. 17, 1998), 8th Dist. No. 73903,

1998 WL 895285 (no discovery rule); *Geraldo v. First Dominion Mut. Life Ins. Co.*, 6th Dist. No. L–01–1210, 2002-Ohio-4654, 2002 WL 31002770 (discovery rule applied based on specific statutory language). The court concluded that those cases, while helpful in assessing whether Ohio courts would apply a discovery rule to R.C. 1303.16(G), were not controlling in the case, because each involved statutes of limitations differing from R.C. 1303.16(G). *Metz,* 416 F.Supp.2d at 575–576.

{¶ 11} The court identified three considerations used by Ohio courts to determine whether to apply a discovery rule to toll a statute of limitations: (1) a balancing of "the rationale underlying the statute of limitations with the interests and equities invoked in situations where the injury complained of may not manifest itself immediately," (2) the intent of the General Assembly in enacting the particular statute of limitations, and (3) when considering the applicability of a statute of limitations contained in the UCC, decisions rendered by the courts of other states, in order to promote uniform application of the UCC among the various states. Id. at 576.

{¶ 12} In the first step, the court considered the increasing number of instances in which the Supreme Court of Ohio has applied a discovery rule to toll the applicable statute of limitations, including wrongful death, latent property damage, medical and legal malpractice, wrongful adoption, fraud, negligent credentialing, drug or toxic exposure, and child sexual abuse. Id. The court balanced this consideration against the UCC's interest in finality and predictability of commercial transactions, and found that in purely financial transactions governed by the UCC, this interest outweighed the interest in recovering damages that existed in those cases that had applied a discovery rule. Id.

{¶ 13} In the second step, the court concluded that the General Assembly's intent in adopting R.C. 1303.16(G) was to exclude operation of a discovery rule to toll the statute of limitations in cases involving conversion of a negotiable instrument. Id. at 577. In reaching this conclusion, the court considered the fact that, in adopting the UCC, the General Assembly did not include a tolling provision pending discovery in R.C. 1303.16(G) but did include such a provision in the statutes of limitations governing other types of UCC claims. Id. at 578.

{¶ 14} In the third step, the court concluded that the majority of courts in other states that had considered the issue had declined to apply a discovery rule in UCC cases. Id. at 578–579. Based on its consideration of all three factors, the court concluded that no discovery rule would apply to toll the plaintiffs' UCC conversion claims. Id. at 579.

{¶ 15} The court noted that a discovery rule would apply in cases in which fraud had been used to conceal the injury from the plaintiffs. The court further noted that fraudulent concealment tolls the statute of limitations only as to parties that committed or participated in the concealment, stating that "[t]he

Plaintiff must affirmatively plead facts supporting a claim for fraudulent conceal-ment against each specific Defendant who allegedly participated in the conceal-ment in order to state a claim against that Defendant which would survive an otherwise expired statute of limitations." Id., citing *Pedraza v. United Guaranty Corp.* (S.D.Ga.2000), 114 F.Supp.2d 1347, 1356; *O'Brien v. Natl. Property Analysts Partners* (S.D.N.Y.1989), 719 F.Supp. 222, 232. Because the parties in that case had not affirmatively pleaded facts asserting fraudulent concealment by the banks against whom the conversion claims were brought, the court found that dismissal of the conversion claims was appropriate based on the expiration of the statute of limitations. *Metz,* 416 F.Supp.2d at 579.

{¶ 16} We agree with Judge Nugent's analysis of the factors to be considered in determining whether a discovery rule should act to toll a statute of limitations and agree with his conclusion that in the absence of fraudulent concealment by the party against whom the claim for conversion is brought, the statute of limitations set forth in R.C. 1303.16(G) is not tolled by a discovery rule.

{¶ 17} Appellants argue that the actions of both Chase and Fifth Third facilitated the fraud committed by Rhodehamel and that these actions make tolling of the statute of limitations appropriate. At the time the trial court granted Fifth Third's motion to dismiss, there was a pending motion by appel-lants seeking leave to file an amended complaint. The trial court granted that leave and, in deciding the motion to dismiss, considered the allegations contained in the amended complaint.

{¶ 18} Count 16 of the amended complaint set forth appellants' UCC conver-sion claim against Chase, and Count 17 of the amended complaint set forth appellants' UCC conversion claim against Fifth Third. The allegations under Count 16 and Count 17 each generally assert that fraud was committed in the manner in which the check was issued and negotiated. However, the specific allegations of wrongdoing made against Fifth Third and Chase involve the claims that the banks processed the check without seeing that the check had not been properly indorsed. The claims do not specifically assert that the banks commit-ted or participated in the alleged fraud but instead assert that the banks' failure to ensure that the check had been properly indorsed merely facilitated the fraud.

{¶ 19} Consequently, the trial court did not err when it dismissed appellants' claims against appellees based on expiration of the statute of limitations. There-fore, appellants' assignment of error is overruled.

{¶ 20} Having overruled appellants' assignment of error, we affirm the judg-ment of the Franklin County Court of Common Pleas.

Judgment affirmed.

TYACK, P.J., and BROWN, J., concur.