NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0170n.06

Case No. 21-1478

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 26, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| WILLIAM PATRICK GUESS, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ST. MARTINUS UNIVERSITY and | ) | DISTRICT OF MICHIGAN |
| OAKLAND PHYSICIANS MEDICAL | ) | |
| CENTER, LLC, | ) | |
| Defendants-Appellees. | ) | O P I N I O N |
| | ) | |

Before: McKEAGUE, GRIFFIN, and READLER, Circuit Judges.

**McKEAGUE, Circuit Judge.** Plaintiff William Patrick Guess, a medical student who has attention-deficit/hyperactivity disorder (ADHD), claims that his former medical school and an affiliate violated Title III of the Americans with Disabilities Act by failing to provide him a reasonable accommodation during a preparatory exam. The district court granted summary judgment in favor of the defendants, reasoning that they did not "offer" the exam in question and therefore the defendants were not liable under Title III as a matter of law. The court also denied Guess's motion for leave to file a third amended complaint. We affirm.

Case No. 21-1478, *Guess v. St. Martinus Univ., et al.*

I.

**A. Factual Background**

Guess, a resident of Michigan, enrolled at St. Martinus University medical school in 2013. St. Martinus University is a private school located in Curaçao. Curaçao is an island country located in the southern Caribbean Sea, just north of Venezuela, and a constituent of the Netherlands.

Prior to enrolling at St. Martinus, Guess communicated with the school regarding accommodations for his ADHD. According to Guess, the school assured him that his requested accommodations, such as extra time for exams, would be provided. During Guess's time at St. Martinus, the school gave him extra time to complete school-administered exams to accommodate his ADHD.

St. Martinus, though not located in the United States, prepares students for medical careers in the United States. To become a physician in the United States, medical students must pass three phases of testing administered by the National Board of Medical Examiners (NBME), referred to as Step 1, Step 2, and Step 3. Medical students generally attempt Step 1 after completing their second year of medical school. St. Martinus requires students to take preparatory exams prior to taking the Step 1 exam from the NBME. The NBME creates the prep exams, and Prometric, a company that provides testing centers around the world for a variety of subjects, administers them. Neither entity is a party to this case. St. Martinus policy requires that students perform at a sufficient level in the Prometric-administered NBME prep exam to become eligible to take the NBME Step 1 exam.

In 2016, after struggling academically during his first two years at St. Martinus, Guess left Curaçao and returned home to Michigan. Guess remained enrolled at St. Martinus and continued to self-study by using his professors' class slides. Guess took school exams at Pontiac General

Hospital in Pontiac, Michigan. Pontiac General is owned by Defendant Oakland Physicians Medical Center, LLC (OPMC). St. Martinus and OPMC had an agreement under which St. Martinus students could "participate in the medical education, research, and patient care programs" at Pontiac General. R. 39-10.

By 2018, Guess had yet to take the Step 1 NBME exam. That October, Guess emailed Marc Poulin, the Associate Dean of Clinical Affairs for St. Martinus Administrative Services, LLC (a separate entity that handles the school's administrative services and is not a party to this lawsuit). The email informed Poulin that Guess had requested an extension for his Step 1 exam because he had not yet taken his Prometric prep exams. In that email, Guess also stated that he wanted to take "at least" three Prometric exams prior to taking the Step 1 exam. R. 39-19 at PID 1494. In February 2019, Poulin emailed Guess to let him know that he "scheduled the [Prometric] exams for the blocks we discussed a few weeks back." *Id.* at 1491. Poulin stated that he "scheduled the first two for normal time and the last 2 with 1.5X accommodation" because he "realized only after the first two that [Guess] had requested accommodation and the NBME registration process has no mechanism for me to make changes to an order once I push the order button and add to the roster." *Id.*

Guess took a Prometric exam in February, one in March, and one in June 2019. The exams were administered by Prometric at Prometric testing sites in Michigan. Guess had planned to take his first two Prometric exams without an accommodation to evaluate his level of preparedness. Based on the email from Poulin, Guess believed that he would have an accommodation for his third exam in June. When Guess arrived for the third exam, he asked the Prometric employee about his accommodation. Guess informed her that Poulin "made sure that this test had [his] accommodations." R. 30-5 at 47. The employee told him that she did not see any accommodations

listed and that Guess would have to speak to Poulin. Guess took the exam without the timing accommodation.

According to Guess, he was supposed to take a fourth prometric exam in 2019 but St. Martinus canceled that exam due to unpaid balances on his account. St. Martinus assessed LAP—or "lack of academic progress"—fees in the amount of $200 per month if students did not complete their Step 1 exam within six months of completing basic medical sciences (courses taught during the first two years of medical school). Back in December of 2018, Poulin informed Guess that if a fourth prometric exam was to be taken, Guess would need to clear his "LAP fee balance." R. 39-19 at 1493.

The LAP fees were not the only financial issue Guess encountered at St. Martinus. In July 2016, Guess signed an "acknowledgement of debt" agreeing that he owed the school an outstanding balance of roughly $20,000, setting a payment schedule, and declaring (among other things), "My transcripts will be withheld until the full payment [is] made." R. 30-8. Guess did not make the payments laid out in the acknowledgement of debt.

In May 2019, prior to Guess taking the Prometric exam in June, Guess left St. Martinus and enrolled at Washington University of Health and Science in Belize. Guess claims that he was only partially accepted into Washington University because St. Martinus did not release his official transcripts, so he applied using only an unofficial transcript. St. Martinus released Guess's official transcript in November 2020, during this litigation.

**B. Procedural Background**

In July 2019, Guess sued St. Martinus and OPMC, asserting claims for violating the ADA and for breach of contract. Guess amended his complaint once in August 2019 and again in January 2020. Guess's second amended complaint alleges that St. Martinus failed to provide him

with a reasonable accommodation during his June 2019 Prometric exam. Guess also claims that St. Martinus and OPMC breached a contract by charging him LAP fees and withholding his transcript.

Shortly after discovery closed, defendants moved for summary judgment. While the motion for summary judgment remained pending, Guess filed a motion for leave to file a third amended complaint. Guess sought to add St. Martinus Administrative Services as a defendant along with an ADA retaliation claim based on "new evidence learned of at the depositions and from document production," including the school's release of his official transcript in November 2020.

The district court granted the defendants' motion for summary judgment and denied Guess's motion for leave to file a third amended complaint. In denying the motion for leave to amend, the district court concluded that Guess "acted with undue delay in bringing his claims." The court also held that an amendment would be futile. Guess now appeals.

II.

On appeal, Guess only challenges the district court's grant of summary judgment to the defendants on his ADA failure-to-accommodate claim and the district court's denial of his motion for leave to amend to add an ADA retaliation claim.

### A. Summary judgment

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate when there are no genuine issues of material fact and a party must prevail as a matter of law. *Id.*; Fed. R. Civ. P. 56(a).

Guess's claim arises under Title III of the ADA. Among other things, Title III says that any private entity that "offers examinations . . . related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

Guess's case hinges on the denial of an accommodation during the June 2019 NBME prep exam administered by Prometric. He argues that, under Section 309 of Title III, St. Martinus "offer[ed]" the prep exam and failed to provide him with extra time to accommodate his ADHD. *Id.* The district court, relying on this court's opinion in *Binno v. Am. Bar Assoc.*, 826 F.3d 338 (6th Cir. 2016), held that Guess's claims failed as a matter of law because the defendants did not "offer[]" the Prometric prep exam and therefore could not be liable under Title III for failure to provide an accommodation during that exam. We agree.

*Binno* does the heavy lifting here. In that case, a legally blind law student sued the American Bar Association (ABA) under Title III of the ADA, claiming that the logic games section of the Law School Admissions Test (LSAT) was discriminatory against blind students. *Id.* at 342–43. But the LSAT is "not an ABA product." *Id.* at 343. Instead, it "is written, administered, and scored by the Law School Admission Council (LSAC), an entity that is not part of the ABA." *Id.* Thus, because it was "the LSAC, and not the ABA, that develops and administers the LSAT and grants accommodations in the testing format[,]" we held that the ABA did not "offer" the LSAT within the meaning of 42 U.S.C. § 12189. *Id.* at 348–49. While the term "offer" is not defined in the statute, the statute's context "indicates that an entity that 'offers examinations' under this provision must be able to provide an accessible 'place and manner' for administration of the tests, or arrange for alternative, accessible accommodations." *Id.* at 346. We further reasoned in *Binno*

that Title III's implementing regulations "support the interpretation that an entity offering the exam must have significant control over its administration or accommodation." *Id.* at 346–47 (citing 28 C.F.R. § 36.309(b)(4)). And because the ABA had no "authority over the manner and administration of the LSAT" and had no "authority to grant accommodations" during the LSAT, the plaintiff's claim under Title III failed. *Id.* at 348.

Here, as with the ABA and the LSAT in *Binno*, St. Martinus does not exercise any "authority over the manner and administration of the" NBME prep exams administered by Prometric. *Id.* And Guess has presented no evidence that St. Martinus or any other named party has any "authority to grant accommodations" for that exam. *Id.* At most, Guess produced a series of emails with Marc Poulin of St. Martinus Administrative Services showing that Poulin had scheduled Guess's 2019 prep exams at Prometric and that Guess had asked Poulin for an accommodation. But there is no evidence that the defendants, St. Martinus or OPMC, had any authority to grant or deny an accommodation during the exam. Guess's own testimony established that the NBME developed the June 2019 prep exam and that Prometric administered it at a Prometric testing site in Michigan. Giving the term "offer" the same construction as we did in *Binno*, the defendants did not "offer" the June 2019 prep exam for which Guess did not obtain an accommodation. 42 U.S.C. § 12189. And Guess has not sued Prometric, nor has he alleged that the defendants failed to grant him accommodations on any school-administered exam. Thus, the defendants are entitled to summary judgment on Guess's ADA claim.[1]

---

[1] The district court alternatively granted summary judgment in favor of St. Martinus on the ground that Title III of the ADA does not apply extraterritorially, and therefore, as a private university located outside the United States, Guess's claim fails because Title III does not apply to St. Martinus. We need not reach this issue because, even if Title III does apply here, St. Martinus is entitled to summary judgment on the merits.

### B. Motion for leave to amend

Guess also appeals the district court's denial of his motion for leave to file a third amended complaint to add an ADA retaliation claim. When considering a motion for leave to amend under Federal Rule of Civil Procedure 15, leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001). While the district court denied other efforts by Guess to amend his complaint, Guess only argues on appeal that amending his complaint to add the ADA retaliation claim was not futile, an argument we review de novo. *Boulton v. Swanson*, 795 F.3d 526, 537 (6th Cir. 2015). A proposed claim is futile if it "could not withstand a motion to dismiss." *Id.* (citation omitted). To survive a motion to dismiss, a complaint must include sufficient factual allegations to state a plausible claim to relief. *Saumer v. Cliffs Nat. Res. Inc.*, 853 F.3d 855, 858 (6th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Borrowing from the Title II employment context, to state a prima facie case for ADA retaliation, a plaintiff must plausibly allege: (1) that he engaged in a protected activity; (2) that the defendants knew of that activity; and (3) that the defendants took an adverse action against him; and (4) that there was a causal connection between the protected activity and the adverse action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). Guess alleges that his protected activity was the filing of this lawsuit in July 2019. He alleges that he suffered two adverse actions in retaliation for filing the lawsuit. First, the withholding of his official St. Martinus University transcript from May 2019 (when he applied to Washington University in Belize) to November 2020. And second, that his official transcript from St. Martinus showed a GPA of 0.82 while the unofficial transcript he used to apply to Washington University reflected a GPA of 2.1. According

to Guess, his "successful repeat" of failed courses should have reflected a GPA between 2.1 and 2.2 on his official transcript.

Guess's allegations fail to state a plausible claim for ADA retaliation. He sufficiently pleaded that he engaged in a protected activity (the filing of a lawsuit), *see Coulson v. Goodyear Tire & Rubber Co.*, 31 F. App'x 851, 858–59 (6th Cir. 2002), and that the defendants had knowledge of the suit. But his claim fails on the other elements.

As to the first alleged incident of retaliation—the withholding of his official transcript—Guess's allegations fail to establish a plausible causal connection between the filing of this lawsuit and the withholding of his official transcript. Guess left St. Martinus in May 2019 and enrolled at Washington University in Belize that same month. Guess did not file this lawsuit until July 2019. Thus, the alleged adverse action occurred two months before the protected activity. And the mere fact that St. Martinus continued to withhold the transcript after the filing of the lawsuit, without more, does not lead to a plausible inference of causation. *See Walborn v. Erie Cnty. Care Facility*, 150 F.3d 584, 589 (6th Cir. 1998) (holding that "[t]he fact that some of the allegedly retaliatory actions took place" after the protected activity is "insufficient to establish" causation where "retaliatory conduct" largely "preceded" the protected activity). As to the second alleged incident of retaliation—an error in the accuracy of his grades on Guess's official transcript—the proposed complaint fails to plausibly allege how an error occurring a year and a half after the protected activity was the result of that protected activity. *See Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (observing the "more time that elapses between the protected activity and the adverse . . . action, the more the plaintiff must supplement his claim[.]"). Permitting Guess to amend his complaint to add an ADA retaliation claim would have been futile.

In sum, the district court did not err in denying Guess's motion for leave to file a third amended complaint.

* * *

We AFFIRM the district court's order granting summary judgment in favor of the defendants and denying Guess's motion for leave to amend.